# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLEY JOYCE HORNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1149-F |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, brings this action against the Social Security Administration. Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is recommended that the complaint be dismissed without prejudice on filing for lack of subject matter jurisdiction.

In a three-page complaint, Plaintiff alleges various limitations resulting from a car accident in which she injured her back. Complaint, 1. She also alleges that she suffers from depression and post traumatic stress disorder. Plaintiff does not state whether she has applied for social security disability or supplemental security income benefits, and fails to make any allegations showing that this Court has jurisdiction over the subject matter of her action.

Federal courts have limited statutory power to review decisions of the Social Security Commissioner and may review the Commissioner's decisions only as provided in 42 U.S.C.

§ 405. Id. § 405(h). Section 405(g) limits judicial review to final decisions that are made after a hearing. Indeed, a final decision made after a hearing is central to a federal court's subject matter jurisdiction under § 405(g). Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975); Elliott v. Barnhart, No. 04-2097, 117 Fed.Appx. 659, 660 (10th Cir. Nov. 24, 2004).[1] Plaintiff's complaint does not contain any allegations showing that she is appealing a final decision of the Commissioner, and therefore fails to allege any basis of subject matter jurisdiction.

Courts are obliged to examine their jurisdiction sua sponte and dismiss any action where it is lacking. See Fed. R. Civ. P. 12(h)(3); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . .") (internal citation omitted); Hardiman v. Reynolds, 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise a defense sua sponte if that defense implicates the court's subject matter jurisdiction."). Because the initial review of the complaint shows that the Court lacks subject matter jurisdiction, it is hereby recommended that the complaint be dismissed.

The undersigned notes that the Clerk of Court has mailed copies of orders to the street address provided by Plaintiff on the complaint, and the mailings have been returned. However, under Local Civil Rule 5.4(a), "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court." Moreover, "[a]ll papers shall

---

[1] This unpublished disposition is cited pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

contain the name, mailing address, daytime telephone number, fax number, and e-mail address, if any, of the attorney or pro se litigant. If any of this information changes, the attorney or pro se litigant must notify the Court by filing the form provided by the Clerk and serving a copy on opposing counsel or pro se parties." Id. It is incumbent on litigants, pro se litigants included, to follow the Court's rules, especially those as nonburdensome as Local Civil Rule 5.4. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). If the Court does have subject matter over the action, its inherent power to manage judicial resources would allow dismissal of this action without prejudice if Plaintiff fails to keep the Court informed of her address.

## RECOMMENDATION

It is recommended that the complaint be dismissed without prejudice because the allegations of the complaint fail to show any basis of subject matter jurisdiction. Plaintiff is hereby advised of her right to file an objection to the Report and Recommendation with the Clerk of this Court by November 29th, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal questions contained herein. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Court Clerk is directed to mail a copy of this Report and Recommendation to the Plaintiff at the post office box address she has provided.

**ENTERED this 8th day of November, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE